UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK and STATE OF CONNECTICUT,<br><br>                *Plaintiffs,*<br><br>v.<br><br>E. SCOTT PRUITT,<br>in his official capacity as Administrator of the United States Environmental Protection Agency, and the UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>                *Defendants.* | Civil Case No.: 18-406<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**(Clean Air Act, 42 U.S.C. §§ 7401** *et seq.***)** |

Plaintiffs State of New York and State of Connecticut allege as follows:

### INTRODUCTION

1. New York and Connecticut seek declaratory and injunctive relief in this Clean Air Act (Act) citizen suit brought against E. Scott Pruitt, in his official capacity as Administrator of the United States Environmental Protection Agency, and the United States Environmental Protection Agency (together EPA), seeking to compel EPA to comply with certain nondiscretionary duties under the Act.

2. EPA failed to perform its mandatory duty under section 110(c)(1) of the Act, 42 U.S.C. § 7410(c)(1), to promulgate by August 12, 2017 federal implementation plans (FIPs) for the 2008 National Ambient Air Quality Standards (NAAQS) for ozone that fully address the requirements of the "Good Neighbor Provision" of the Act, 42 U.S.C. § 7410(a)(2)(D)(i)(I), with respect to sources of air pollution located within Illinois, Michigan, Pennsylvania, Virginia and

1

West Virginia.  Specifically, the Good Neighbor Provision limits sources within a state from emitting any air pollutant in amounts that will contribute significantly to nonattainment in, or interfere with maintenance by, any other state with respect to any national primary or secondary ambient air quality standard.

3. New York and Connecticut seek an order declaring that EPA is in violation of section 110(c)(1) of the Act with regard to the agency's failure to perform by August 12, 2017 its mandatory duty to take final action to promulgate fully compliant FIPs for Illinois, Michigan, Pennsylvania, Virginia and West Virginia with respect to the requirements of the Good Neighbor Provision of the Act for the 2008 ozone NAAQS, and enjoining EPA to perform that mandatory duty by a date certain.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to section 304(a)(2) of the Act, 42 U.S.C. § 7604(a)(2), which authorizes any person, after duly giving notice, to commence a citizen suit seeking to compel the performance of a nondiscretionary duty under the Act. The Court also has jurisdiction to hear this civil action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (action to compel officer or agency to perform a duty owed to plaintiffs).

## NOTICE

5. On October 26, 2017, pursuant to section 304(b) of the Act, 42 U.S.C. § 7604(b), New York sent a letter via certified mail, return receipt requested, to EPA providing notice of New York's intention to file suit against EPA for failure to perform the nondiscretionary duties outlined in 42 U.S.C. § 7410(c)(1).

6. On November 13, 2017, Connecticut sent a letter via certified mail, return receipt requested, to EPA providing notice of Connecticut's intention to file suit against EPA for failure to perform the nondiscretionary duties outlined in 42 U.S.C. § 7410(c)(1).

7. The statutory 60-day notice period has now expired with respect to both letters, without action by EPA to fulfill the mandatory duties described in the notice letters.

## VENUE

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(e) because this civil action is brought against an agency of the United States and an officer of the United States, acting in his official capacity, and a substantial part of the events or omissions giving rise to the plaintiffs' claim occurred in this judicial district.  EPA's failure to perform the mandatory duty set forth in this complaint is adversely impacting areas within this judicial district, specifically the New York City metropolitan area, which is in nonattainment with the ozone NAAQS based in part on the significant contribution of air pollution from these upwind states.  Additionally, a substantial number of its citizens and residents on whose behalf plaintiff State of New York brings this action reside in this district, and EPA maintains an office in this district.

## PARTIES

9. New York and Connecticut are sovereign entities that bring this action on behalf of their citizens and residents and on their own behalf to protect their respective interests as administrators of healthcare programs and schools, as employers, and in protecting and preserving the natural resources held in trust by the state.  New York and Connecticut are "persons" as defined in the applicable provision of the Act, 42 U.S.C. § 7602(e).

10. EPA is the federal agency charged with implementing the Act.  E. Scott Pruitt is the Administrator of EPA and is sued in his official capacity.  Defendants have a mandatory,

nondiscretionary duty to promulgate a FIP within two years after EPA has made a finding that a state has failed to make a required state implementation plan (SIP) submission or that a SIP submitted by a state does not satisfy the minimum criteria established under 42 U.S.C. § 7410 (k)(1)(A), *see* 42 U.S.C. § 7410(c)(1)(A), or after disapproving a SIP submission in whole or in part, *see* 42 U.S.C. § 7410(c)(1)(B).

11. As a result of the omissions of EPA alleged herein, New York and Connecticut have suffered and will continue to suffer harm from the delay in addressing the interstate transport of air pollution from sources within upwind states for which EPA has not promulgated a fully compliant FIP, including for Illinois, Michigan, Pennsylvania, Virginia and West Virginia (collectively, the Upwind States). Sources of air pollution in each of the Upwind States significantly contribute to nonattainment of the 2008 ozone NAAQS, and/or significantly interfere with maintenance of the same, in the plaintiff states, to the detriment of the health and welfare of their citizens and residents.

## STATUTORY BACKGROUND

12. The Act requires EPA to establish and periodically revise NAAQS, which establish maximum allowable ambient air concentrations for certain pollutants.

13. The Act requires each state to submit a SIP for every promulgation or revision of a NAAQS within three years of that standard's promulgation or revision. 42 U.S.C. § 7410(a)(1). The SIP must provide for the "implementation, maintenance, and enforcement" of the standard. *Id.*

14. A SIP must meet the requirements listed under 42 U.S.C. § 7410(a)(2), including the requirements of section 110(a)(2)(D)(i)(I), the "Good Neighbor Provision," which requires the SIP to contain adequate provisions to prohibit sources within the state from emitting air pollution

4

in amounts that will "contribute significantly to nonattainment in, or interfere with maintenance by, any other State with respect to any" NAAQS.

15. Pursuant to section 110(k)(1) of the Act, EPA must determine no later than six (6) months after the date by which a state is required to submit a SIP whether a state has made a submission that meets the minimum completeness criteria established in section 110(k)(1)(A). *See* 42 U.S.C. § 7410(k)(1)(A).

16. EPA refers to the determination that a state has not timely submitted an SIP that meets the minimum completeness criteria as a "finding of failure to submit."

17. EPA has a mandatory duty to take final action on any SIP submittal by approving in full, disapproving in full, or approving in part and disapproving in part, or conditionally approving, within 12 months of the date the submittal has been deemed complete. 42 U.S.C. § 7410(k)(2), (3) and (4).

18. Pursuant to 42 U.S.C. § 7410(c)(1), EPA is required to "promulgate a Federal implementation plan [FIP] at any time within 2 years after the Administrator – (A) finds that a State has failed to make a required submission or finds that the plan or plan revision submitted by the State does not satisfy the minimum criteria established under subsection (k)(1)(A) of this section, or (B) disapproves a State implementation plan [SIP] submission in whole or in part, unless the State corrects the deficiency, and the Administrator approves the plan or plan revision, before the Administrator promulgates such Federal implementation plan [FIP]."

## FACTUAL BACKGROUND

19. Ozone—commonly referred to at ground level as "smog"—is a colorless, odorless gas that forms when other atmospheric pollutants, known as ozone "precursors," such as nitrogen oxides (NOx) and volatile organic compounds (VOCs), react in the presence of sunlight. EPA has

found significant negative health effects in individuals exposed to elevated levels of ozone, including aggravation of existing conditions, such as asthma, bronchitis, heart disease, and emphysema, as well as coughing, throat irritation, and lung tissue damage.  Exposure to ozone has also been linked to early deaths.  Children, the elderly, and people who already have lung diseases are particularly at risk from exposure to ozone pollution.

20. EPA promulgated revised air quality standards for ozone on March 12, 2008.  *National Ambient Air Quality Standards for Ozone*, 73 Fed. Reg. 16,436 (Mar. 27, 2008) (2008 ozone NAAQS).

21. Pursuant to section 110(a)(1) of the Act, SIPs were due within three years of promulgation of the revised standard.  Based on the promulgation of the 2008 ozone NAAQS on March 12, 2008, SIPs were due by March 12, 2011.

22. On July 13, 2015, EPA published notice in the Federal Register of its finding that 24 states, including the Upwind States, had failed to submit SIPs to satisfy their obligations under the Good Neighbor Provision of the Act, 42 U.S.C. § 7410(a)(2)(D)(i)(I) with respect to the 2008 ozone NAAQS. *See* 80 Fed. Reg. 39,961-66 (July 13, 2015).  The effective date of that final action was August 12, 2015.

23. EPA has not subsequently approved a SIP or SIP revision for any Upwind State correcting this deficiency.

24. EPA's August 12, 2015 finding of failure to submit triggered a two-year deadline for EPA to promulgate FIPs to fully address the Good Neighbor Provision requirements for those states by August 12, 2017.  42 U.S.C. § 7410(c)(1); *see also EPA v. EME Homer City Generation*, 134 S. Ct. 1584 (2014).

25.     The interstate transport of air pollution from sources in the Upwind States contributes significantly to violations of, and/or interferes with the maintenance of, the 2008 ozone NAAQS in the plaintiff states.

26.     EPA has in the last two decades promulgated four federal rules regarding the regional transport of ozone pollution.

27.     In the latest rule, the Cross-State Air Pollution Rule Update (CSAPR Update), which relates to the interstate transport of air pollution with respect to the 2008 ozone NAAQS, 81 Fed. Reg. 74,504 (Oct. 26, 2016) (effective Dec. 27, 2016), EPA finalized partial FIPs for several states, including the Upwind States.

28.     However, by EPA's own admission, the CSAPR Update constituted only a partial remedy for interstate transport of pollution, and did not completely fulfill EPA's outstanding obligation under the Act to prohibit interstate transport of air pollution that significantly contributes to nonattainment or interferes with maintenance of the ozone NAAQS in downwind states.  *E.g., id.* at 74,506; 74,521-22.  Thus, the CSAPR Update did not fully satisfy the Good Neighbor requirements set forth in section 110 of the Act.

29.     EPA's modeling for the CSAPR Update shows that the interstate transport of air pollution from emission sources in the Upwind States, as well as other states upwind from the plaintiff states, contributes significantly to ozone in the plaintiff states in excess of the NAAQS or in an amount that interferes with the maintenance of the NAAQS.  81 Fed. Reg. 74,538-39.

30.     Specifically, in the CSAPR Update, EPA found that emission sources in Illinois, Michigan, Pennsylvania, Virginia and West Virginia significantly contribute to nonattainment of, or failure to maintain, the 2008 ozone NAAQS in New York, 81 Fed. Reg. 74,538-39, and that

Michigan, Pennsylvania, Virginia, and West Virginia significantly contribute to nonattainment of, or failure to maintain, the 2008 ozone NAAQS in Connecticut. *Id.*

31. EPA has further determined that even after implementation of the emission reductions measures in the Upwind States required by the CSAPR Update, downwind areas located in New York and Connecticut will continue to fail to attain and/or maintain the 2008 ozone NAAQS.

32. EPA has also determined that emissions from sources in the Upwind States are expected to continue to exceed the threshold amount that EPA considers to significantly interfere with attainment and/or maintenance of the 2008 ozone NAAQS at downwind receptors in the plaintiff states.

33. EPA has failed to promulgate FIPs for the Upwind States that fully address interstate transport of air pollution from emission sources located in those states that contribute significantly to nonattainment in, or interfere with maintenance by, the plaintiff states of the 2008 ozone NAAQS.

34. EPA has failed to specifically identify the sources of air pollution in the Upwind States that are significantly contributing to nonattainment in, or interfering with maintenance of, the 2008 ozone NAAQS in the plaintiff states, and has failed to establish the requisite level of pollution abatement in the Upwind States to fully address interstate transport of air pollution into the plaintiff states.

35. Therefore, EPA is in violation of its mandatory, nondiscretionary duty set forth in 42 U.S.C. § 7410(c)(1).

36. EPA's failure to promulgate FIPs by August 12, 2017 that fully address the requirements of the Good Neighbor Provision for the Upwind States is a clear breach of EPA's

statutory duty and harms the public health and welfare of plaintiffs' citizens and residents, causing them to be exposed to higher levels of ozone for a longer period of time, resulting in more harmful health impacts.

37. EPA's failure to comply with its nondiscretionary duty also places unfair economic and administrative burdens on the plaintiff states, which are required, subject to punitive consequences, to timely meet their attainment obligations under the Act, and which they cannot feasibly do without EPA's fully addressing interstate transport of air pollution from the Upwind States that contributes to nonattainment in, or interference with maintenance of, the 2008 ozone NAAQS in plaintiff states, as EPA is required to do under the Act.

38. EPA's failure to timely promulgate fully compliant FIPs for the Upwind States further harms the plaintiff states and their citizens and residents by obligating the plaintiff states to promulgate new, more stringent control measures for already well-controlled local sources of ozone precursors, such as NOx and VOCs.

39. EPA has recognized that requiring downwind areas such as the plaintiff states to plan for attainment and maintenance of the NAAQS before requiring upwind reductions is contrary to the Act's statutory structure and places an "inequitable burden" on downwind areas such as the plaintiff states. 81 Fed. Reg., at 74,516.

**CLAIM FOR RELIEF**
(Failure to Perform a Nondiscretionary Duty
Pursuant to 42 U.S.C. § 7410(c)(1))

40. New York and Connecticut re-assert and re-allege paragraphs 1 through 39 above.

41. Having taken final action, effective August 12, 2015, finding that 24 states, including the Upwind States, failed to submit SIPs to satisfy their Good Neighbor obligations under section 110(a)(2)(D)(i)(I) of the Act with respect to the 2008 ozone NAAQS, EPA had a

9

nondiscretionary legal duty, pursuant to 42 U.S.C. § 7410(c)(1), to issue a FIP for each Upwind State that fully addresses each Upwind State's Good Neighbor obligations under section 110(a)(2)(D)(i)(I) of the Act no later than August 12, 2017.

42. To date, EPA has failed to promulgate FIPs that fully address Illinois, Michigan, Pennsylvania, Virginia and West Virginia's obligations under the Good Neighbor provision, 42 U.S.C. § 7410(a)(2)(D)(i)(I), with regard to the 2008 ozone NAAQS.

43. These violations constitute a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator" under 42 U.S.C. § 7604(a)(2).

44. The delay caused by EPA's failure to timely promulgate FIPs has harmed and continues to harm New York and Connecticut by delaying action to address the interstate transport of air pollution from the Upwind States.  Each of the Upwind States significantly contributes to nonattainment of the 2008 ozone NAAQS, and/or significantly interferes with maintenance of the same, in the plaintiff states, to the detriment of the health and welfare of their citizens and residents.

## PRAYER FOR RELIEF

WHEREFORE, New York and Connecticut respectfully request that this Court enter judgment against EPA as follows:

1. Declare that EPA is in violation of section 110(c)(1) of the Act by failing to perform a mandatory, nondiscretionary duty to promulgate FIPs that fully address Illinois, Michigan, Pennsylvania, Virginia and West Virginia's obligations under the Good Neighbor provision of the Clean Air Act, 42 U.S.C. § 7410(a)(2)(D)(i)(I), with regard to the 2008 ozone NAAQS;

2. Enjoin EPA to perform its mandatory duty to promulgate a fully compliant FIP for each of Illinois, Michigan, Pennsylvania, Virginia and West Virginia by a date certain;

3. Award their costs of litigation, including reasonable attorneys' fees;

4. Retain jurisdiction over this matter for purposes of ensuring EPA's compliance with the Court's order; and

5. Such other and further relief as this Court deems just and proper.

Dated: January 17, 2018

                    Respectfully Submitted,

                    ERIC T. SCHNEIDERMAN
                    *Attorney General of New York*

By:    *S/Morgan A. Costello*[1]
        MORGAN A. COSTELLO
        CLAIBORNE E. WALTHALL
        Assistant Attorneys General
        Environmental Protection Bureau
        The Capitol
        Albany, NY 12224
        (518) 776-2392
        Morgan.Costello@ag.ny.gov
        *For Plaintiff State of New York*

        GEORGE JEPSEN
        *Attorney General of Connecticut*

By:    *S/Jill Lacedonia/MAC by permission*
        MATTHEW I. LEVINE
        JILL LACEDONIA
        Assistant Attorneys General
        Office of the Attorney General
        P.O. Box 120, 55 Elm Street
        Hartford, CT 06141-0120
        (860) 808-5250
        Jill.Lacedonia@ct.gov
        *For Plaintiff State of Connecticut*

---

[1] Counsel for the State of New York represents that the other parties listed in the signature blocks on this document consent to this filing.