USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 6/12/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STATE OF NEW YORK and STATE OF CONNECTICUT,

                Plaintiffs,

- against -

E. SCOTT PRUITT, in his official capacity as Administrator of the United States Environmental Agency, and the UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

                Defendants.

---

18-cv-406 (JGK)

OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    The plaintiffs -- the State of New York and the State of Connecticut -- move for summary judgment against the United States Environmental Protection Agency (the "EPA") and E. Scott Pruitt, the Administrator of the EPA. The plaintiffs claim that the EPA has failed to perform its mandatory duty under section 110(c)(1) of the Clean Air Act to promulgate federal implementation plans ("FIPs") for the 2008 National Ambient Air Quality Standards ("NAAQS") for ozone that fully address the requirements of the "Good Neighbor Provision" of the Act, 42 U.S.C. § 7410(a)(2)(D)(i)(I), with respect to sources of air pollution within Illinois, Michigan, Pennsylvania, Virginia, and West Virginia (the "defaulting states"). The defendants do not dispute that they have missed the deadline to promulgate the FIPs set by the Clean Air Act. The plaintiffs request that the

Court enter an order requiring the defendants to meet certain deadlines to come into compliance.

**I.**

The parties have stipulated to the following facts.

In 2008, the EPA promulgated revised NAAQS for ozone, setting a level of 75 parts per billion (the "2008 ozone NAAQS"). Joint Rule 56.1 Statement ¶ 4. On July 13, 2015, the EPA published notice in the Federal Register that 24 states, including the defaulting states, had failed to submit state implementation plans ("SIPs") to satisfy their obligations under the Good Neighbor Provision of the Clean Air Act, 42 U.S.C. § 7410(a)(2), for the 2008 ozone NAAAQS. Id. ¶ 5. The effective date of the EPA's final action was August 12, 2015. Id.

The EPA's July 13, 2015 finding that the defaulting states had failed to submit SIPs triggered a deadline pursuant to Section 110(c)(1) of the Clean Air Act, 42 U.S.C. § 7410(c)(1), for the EPA to issue federal implementation plans (FIPs) for the defaulting states. Id. ¶ 7. Section 110(c)(1) requires the EPA to issue FIPs fully addressing the defaulting states' respective obligations under the Good Neighbor Provision with regard to the 2008 ozone NAAQS. Id. The deadline for the EPA to issue those FIPs was August 12, 2017. Id.

To date, the EPA has not taken action to issue FIPs fully resolving interstate transport obligations under the Good Neighbor Provision for the 2008 ozone NAAQS for the defaulting states. Id. ¶ 8. The EPA therefore has plainly missed the deadline by which they were required to do so, which was August 12, 2017.

On October 26, 2017, pursuant to section 304(b) of the Clean Air Act, 42 U.S.C. § 7604(b), New York sent a letter via certified mail, return receipt requested, to the EPA providing notice of New York's intention to file suit against the EPA for failure to perform its nondiscretionary duties outlined in 42 U.S.C. § 7410(c)(1). Id. ¶ 9. On November 13, 2017, Connecticut sent a letter via certified mail, return receipt requested, to the EPA providing notice of Connecticut's intention to file suit against the EPA for failure to perform its nondiscretionary duties outlined in 42 U.S.C. § 7410(c)(1). Id. ¶ 10. The statutory 60-day period expired with respect to both letters without the EPA'S taking action to fulfill its mandatory duties. Id. ¶ 11.

The plaintiffs seek an order setting a deadline by which the EPA must fulfill its mandatory duties. Both parties agree that it is feasible for: (1) the EPA to sign and disseminate a notice by June 29, 2018, of a proposed action fully addressing the obligations under the Good Neighbor Provision for the 2008

3

ozone NAAQS for the defaulting states; and (2) the EPA to promulgate by December 6, 2018, a final action fully addressing the obligations under the Good Neighbor Provision for the 2008 ozone NAAQS for the defaulting states. Id. ¶¶ 12-13.

Accordingly, in their motion for summary judgment, the plaintiffs request an order: (1) declaring that the EPA is in violation of section 110(c)(1) of the Act, 42 U.S.C. § 7410(c)(1), for failing to perform a mandatory duty to promulgate a federal implementation plan (FIP) for each of the defaulting states that fully addresses these states respective obligations under 42 U.S.C. § 7410(a)(2)(D)(i)(I), the "Good Neighbor Provision", with regard to the 2008 ozone NAAQS; (2) enjoining the EPA to perform its mandatory duty to sign and disseminate by June 29, 2018 notice of a proposed action fully addressing the obligations under the Good Neighbor Provision for the 2008 ozone NAAQS for the defaulting states, and to promulgate by December 6, 2018 a final action fully addressing the obligations under the Good Neighbor Provision for the 2008 ozone NAAQS for the defaulting states; (3) awarding the plaintiffs the costs of litigation, including reasonable attorneys' fees pursuant to 42 U.S.C. § 7604(d); and (4) retaining jurisdiction over this matter for purposes of enforcing and effectuating the Court's order.

II.

The Court has jurisdiction over this action pursuant to 42 U.S.C. § 7604(a)(2). That statute authorizes "any person [to] commence a civil action on his own behalf . . . (2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator, . . ." 42 U.S.C. § 7604(a)(2). In this case, the defendants admit that they were under a mandatory duty pursuant to the Clean Air Act to issue FIPs by August 12, 2017, and that they missed that deadline. Joint Rule 56.1 Statement ¶¶ 7-8. Accordingly, the Court has jurisdiction over a citizen suit seeking to require the EPA to perform that non-discretionary duty. See also Am. Lung Ass'n v. Reilly, 962 F.2d 258, 263 (2d Cir. 1992) ("[W]hen, as here, a statute sets forth a bright-line rule for [the deadlines for] agency action, there is no room for debate-congress has prescribed a categorical mandate that deprives EPA of all discretion over the timing of its work." (citations omitted)); Nat. Res. Def. Council, Inc. v. New York State Dep't of Envtl. Conservation, 700 F. Supp. 173, 177 (S.D.N.Y. 1988) ("Section 304 confers jurisdiction only for claims alleging a failure to perform a mandatory act or duty."); see also Sierra Club v. Pruitt, 280 F. Supp. 3d 1 (D.D.C. 2017).

**III.**

The plaintiffs must also demonstrate that they have standing to bring this suit. To satisfy the requirements of Article III standing, a plaintiff must show that (1) the plaintiff has suffered an actual or imminent injury in fact, which is concrete and particularized; (2) there is a causal connection between the injury and defendant's actions; and (3) it is likely that a favorable decision in the case will redress the injury. Springer v. U.S. Bank Nat'l Ass'n, No. 15-cv-1107(JGK), 2015 WL 9462083, at *3 (S.D.N.Y. Dec. 23, 2015).

The plaintiffs have demonstrated that they have suffered and will continue to suffer harm because of the defendants' failure to promulgate the FIPs, and that their harm will likely be redressed by an order setting a deadline by which the defendants must promulgate the FIPs. The plaintiffs have offered evidence that parts of New York and Connecticut will fail to meet their own attainment deadlines for the 2008 ozone NAAQS at least in part because of the interstate transport of emissions from the defaulting states. Sliwinski Decl. ¶¶ 22-23, 36-37, 47; Pirolli Decl. ¶ 11, 16, 20 (noting that approximately 90% of the ozone levels in Connecticut can be attributed to transported emissions originating outside the state). The FIPs are intended to address this interstate transport of emissions

from the defaulting states to ensure that New York and Connecticut can meet their attainment levels.

Moreover, the states have standing to file suit to protect their citizens from the harmful effects of the high level of dangerous pollutants in their states caused by the pollutants coming from the defaulting states. See Massachusetts v. EPA, 549 U.S. 497, 520-23 (2007). The requested relief will redress these harms by requiring the EPA to promulgate FIPs that will bring the defaulting states into compliance with the 2008 ozone NAAQS standards.

Accordingly, the plaintiffs have demonstrated that they have standing to bring this claim.

### IV.

The plaintiffs have moved for summary judgment for an order setting deadlines by which the EPA must cure its failure to meet the August 12, 2017 deadline to promulgate FIPs.

"It is . . . undisputed that this Court has the authority to compel EPA to comply with [a] nondiscretionary duty by a date certain established by court order." Nat'l Resources Defense Council v. U.S. E.P.A., 797 F. Supp. 194, 196 (E.D.N.Y. 1992); Atl. Terminal Urban Renewal Area Coal. v. N.Y.C. Dep't of Envtl. Prot., 740 F. Supp. 989, 997 (S.D.N.Y. 1990) ("Many courts, including this one, faced with violations of these seemingly absolute deadlines have concluded that the only practical

response to complaints that standards have not been timely met is to require compliance within a reasonable time."). "When an agency has failed to meet the statutory deadline for a nondiscretionary act, the court may exercise its equity powers 'to set enforceable deadlines both of an ultimate and an intermediate nature.'" Sierra Club v. Johnson, 444 F. Supp. 2d 46, 52 (D.D.C. 2006) (quoting Nat'l Resources Defense Council v. Train, 510 F.2d 692, 705 (D.C. Cir. 1974)); see also Sierra Club v. Pruitt, 280 F. Supp. 3d at 1 (granting the plaintiff's motion for summary judgment and setting a schedule for the EPA to perform nondiscretionary act under the Act). "[A] court . . . may extend the time for compliance [only where] it would be infeasible or impossible for EPA, acting in good faith, to meet the deadline, either due to budget and manpower constraints or because of the need for further study." Nat'l Resources Defense Council v. U.S. E.P.A., 797 F. Supp. at 196-97 (citations omitted).

  The defendants have conceded that they failed to perform their nondiscretionary duties under the Clean Air Act because they did not promulgate FIPs to fully resolve interstate transport obligations under the Good Neighbor Provision for the defaulting states by August 12, 2017, as required by section 110(c)(1) of the Clean Air Act. Joint Rule 56.1 Statement ¶¶ 7-8. The defendants also agreed that it is

feasible for the agency "to sign and disseminate a notice" of a proposed action addressing these obligations by June 29, 2018 and "to promulgate a final action" by December 6, 2018. Id. ¶¶ 12-13.

However, in their response to the current motion, the defendants offered a proposed order that required them only to sign a notice of proposed action by June 29, 2018 and to sign a final action by December 6, 2018. See Docket No. 30-1. The defendants' proposed order does not require them to disseminate the proposed action or promulgate the final action by those deadlines. Id. The defendants note that they are not legally required to disseminate the proposed action -- though they state that they typically do so via a public web posting. Harvey Decl. ¶ 30.

The plaintiffs have responded that an order requiring the defendants only to sign the notices by the proposed dates is insufficient. The plaintiffs correctly note that the defendants agreed in the Joint Rule 56.1 Statement of Undisputed Facts that they could sign and disseminate the proposed action by June 29, 2018 and could sign and promulgate the final action by December 6, 2018. Joint Rule 56.1 Statement ¶¶ 12-13. Even though the defendants may not be legally required to disseminate the proposed notice, they have sworn that it is feasible for them to do so (which is reasonable given that the dissemination

9

is completed by web posting) and that it is their typical practice. There is no reason why the EPA should not be required to follow that typical practice here, especially where they have agreed it is feasible for them to do so. Similarly, the defendants do not state any compelling reasons why they cannot promulgate the final notice by December 8, 2018, as they previously swore was feasible. Given the prior violations of the statutory deadline by the EPA, it is a reasonable exercise of the Court's equitable powers to require the EPA to do the minimal tasks it has agreed it can do to remedy its past violation of the statute.

The plaintiffs' proposed order tracks closely the language of the Joint Rule 56.1 Statement of Undisputed Facts and sets the deadlines that the defendants swore were feasible for them to meet. It also includes the grant of a declaratory judgment. The defendants have not explained why such a judgment is not warranted in this case and it plainly is supported by the undisputed facts. Accordingly, the Court grants the plaintiff's motion for summary judgment. The specific relief granted is set forth in the accompanying order.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the reasons explained above, the plaintiff's motion for summary judgment is **granted**.

The Clerk is directed to close all pending motions.

**SO ORDERED.**

Dated: New York, New York
June 12, 2018

_____
John G. Koeltl
United States District Judge